ALAN M. POLLACK
JENNIFER S. SMITH
ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK P.C.
875 Third Avenue
New York, New York 10022
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED PLANT AND PRODUCTION WORKERS
LOCAL 175 PENSION FUND by JAMES KILKENNY
in his capacity as Trustee,

      Plaintiff,

-against-

CARULLO CONSTRUCTION CORP.

      Defendant.

**COMPLAINT**

---

Plaintiff United Plant and Production Workers Local 175 Pension Fund, by its trustee James Kilkenny in his fiduciary capacity (the "Fund"), and by its attorneys Robinson Brog Leinwand Greene Genovese & Gluck, P.C., as and for its Complaint in this action alleges as follows:

## NATURE OF ACTION

1. This is an action by a multi-employer pension fund to collect withdrawal liability under ERISA against an employer, Carullo Constuction Corp. ("Carullo"), that has completely withdrawn from the Fund.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. §1451, Employee Retirement Income Security Act ("ERISA") Section 4301, and 28 U.S.C. §§ 1331, 1337.

3. Venue is proper in this district pursuant to 29 U.S.C. §1451, ERISA Section 4301 because, upon information and belief, the defendant does business and has a principal place of business within this district, in the County of Queens.

4. Venue is also proper in this district pursuant to 29 U.S.C. §1451, ERISA Section 4301, because the Fund is administered in this district.

## PARTIES

5. The Fund is an employee benefit plan within the meaning of ERISA Section 3(3), 29 U.S.C. § 1002(3), and is a multi-employer plan within the meaning of ERISA section 3(37), 20 U.S.C. § 1002(37).

6. The Fund was established pursuant to the terms of various collective bargaining and assumption agreements between Construction Council 175, Utility Workers of America, AFL-CIO (the "Union") which is a labor organization representing employees in an industry affecting commerce, and various employers and/or employer associations.

7. The Fund provides pension benefits to covered employees, retirees, and their dependents and beneficiaries.

8. The Fund maintains its office and is administered at 99 Mineola Avenue, Roslyn Heights, New York 11577 in Nassau County.

9. Plaintiff James Kilkenny, as a Fund trustee, is a fiduciary within the meaning of ERISA §§ 3(21), 29 U.S.C. §§ 1002(21) and brings this action in his fiduciary capacity.

10. Upon information and belief, Defendant Carullo Construction Corp. is a for-profit New York corporation doing business as an employer within the meaning of

ERISA §§ 3(5), 29 U.S.C. §§ 1002(5).

11. Upon information and belief, Defendant Carullo Construction Corp. maintains a principal place of business at 19-50 Steinway Street, Astoria, New York 11105 in Queens County.

## STATEMENT OF FACTS

### Carullo has completely withdrawn from the Fund

12. Between July 2005 and September 2017, Carullo was bound by a series of collective bargaining agreements ("CBAs") with the Union, which required Carullo to contribute to the Fund in an amount based on the number of hours of work covered by the CBAs that were performed by its employees.

13. On or about September 20, 2017, Carullo's employees ceased to be represented by the Union.

14. On or about September 20, 2017, Carullo's employees began to be represented by LIUNA Highway Road and Street Construction Laborer's Local 1010.

15. Since changing collective bargaining representatives in September 2017, Carullo has ceased to have any obligation to make contributions to the Fund, and has in fact ceased making contributions.

### Carullo has waived all defenses by failing to either pay its withdrawal liability to the Fund or timely initiate arbitration

16. By letter dated September 30, 2017 (the "Notice"), pursuant to ERISA § 4219(b), 29 U.S.C. § 1399(b), the Fund notified Carullo that Carullo had withdrawn from the Fund due to the permanent cessation of its obligation to contribute to the Fund, as a result of which Carullo owed withdrawal liability to the Fund in the amount of $104,947, plus interest.

17. Pursuant to ERISA § 4219(b), 29 U.S.C. § 1399(b), the Notice demanded payment of Carullo's withdrawal liability in 9 quarterly installments, including eight quarterly installments of $13,875.90 and one final quarterly payment in the amount of $11,282, plus interest on any unpaid installments.

18. Pursuant to ERISA § 4219(c)(2), 29 U.S.C. § 1399(c)(2), the Notice demanded that Carullo make its first quarterly payment of $13,875.90 no later than November 29, 2017.

19. The Notice advised Carullo that failure to make timely payment would result in a default that would entitle the Fund to accelerate Carullo's withdrawal liability obligation and demand immediate payment in full of the entire withdrawal liability amount plus interest.

20. Carullo failed to make its first installment payment on or before November 29, 2017.

21. Carullo made no request for review to the Fund pursuant to ERISA § 4219(b)(2), 29 U.S.C. § 1399(b)(2).

22. By letter dated February 9, 2018, the Fund advised Carullo pursuant to ERISA § 4219(c)(5), U.S.C. § 1399(c)(5) that unless Carullo made its first installment payment within 60 days, Carullo would be in default (the "Default Notice").

23. The Default Notice further advised Carullo that pursuant to ERISA § 4219(c)(5), U.S.C. § 1399(c)(5), in the event of Carullo's default, the Fund would be entitled to accelerate the withdrawal liability payment schedule and require immediate payment of the full amount of Carullo's assessed withdrawal liability, plus interest on the total liability from the due date of the first payment that was not timely made.

24. The Default Notice was sent to both Carullo and its counsel. The Default Notice sent to Carullo was sent by Certified Mail Return Receipt Requested. The Default Notice to Carullo's counsel was sent by U.S. mail and email.

25. Carullo did not make its first installment payment or otherwise respond to the Default Notice.

26. As of April 9, 2018, Carullo has been in default of its withdrawal liability obligation to the Fund.

27. Pursuant to ERISA § 4221(a)(1), 29 U.S.C. § 1401(a)(1), Carullo was obligated to initiate arbitration to resolve any dispute it may have concerning the Fund's withdrawal liability assessment.

28. Pursuant to ERISA § 4221(a)(1), 29 U.S.C. § 1401(a)(1), Carullo's deadline for initiating arbitration expired no later than March 28, 2018.

29. As of the date of this complaint, Carullo has not initiated arbitration to dispute any aspect of the Fund's withdrawal liability assessment.

**The Fund is entitled to payment of its withdrawal liability, interest, liquidated damages, attorneys' fees and costs**

30. Pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), the Fund's remedies when collecting delinquent contributions include interest on the overdue payments, liquidated damages on the overdue payments, reasonable attorneys' fees and costs.

31. The Fund assesses interest on delinquent contributions at an annual rate of 10%.

32. Pursuant to ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2) the Fund assesses liquidated damages on delinquent contributions in an amount equal to the greater of (i) an additional 10% per annum, or (ii) 20% of the total unpaid obligation.

33. Pursuant to ERISA § 4301(b), 29 U.S.C. § 1451(b), failure to timely pay withdrawal liability is treated in the same manner as a delinquent contribution to the Fund.

34. Carullo is therefore obligated to pay the Fund its overdue withdrawal liability, interest and liquidated damages on the overdue withdrawal liability, plus attorneys' fees and costs.

35. As of the date of this complaint, Carullo has failed to make any withdrawal liability payments.

### CLAIM FOR RELIEF
### (For Withdrawal Liability)

36. The Fund repeats each and every allegation above as if fully set forth herein.

37. Carullo effected a complete withdrawal from the Fund on or about September 20, 2017, due to its permanent cessation of its obligation to contribute to the Fund.

38. Due to its complete withdrawal, Carullo became obligated to pay withdrawal liability to the Fund under the payment schedule contained in the Fund's Notice to Carullo.

39. Because Carullo failed to make its first withdrawal liability installment payment when due, the debt has been accelerated and the full amount of withdrawal liability is now due.

40. Because Carullo did not initiate arbitration before the statutory deadline, Carullo has failed to rebut the presumption of correctness of, and has waived any rights to contest the Fund's determinations as to the amount of Carullo's withdrawal liability and the dates Carullo's payments were due.

41. Pursuant to ERISA § 4301(b), 29 U.S.C. § 1451(b), the Fund is entitled to the same remedies for Carullo's failure to pay withdrawal liability as for delinquent contributions, which remedies include interest, liquidated damages, attorneys' fees and costs.

42. Interest is due on (i) the first overdue installment from November 29, 2017 to April 8, 2018 in the amount of $484.21, (ii) on the second overdue installment from February 28, 2018 to April 8, 2018 in the amount of $148.26, (iii) on the total accelerated withdrawal liability amount from the date of acceleration on April 9, 2018 to the date of the complaint in the amount of $2,817.81.

43. Liquidated damages are due in the amount of $20,989.40.

WHEREFORE, the Fund demands judgment against Carullo as follows:

a) withdrawal liability in the amount of $104,947;

b) interest to the date of the complaint in an amount no less than $3,450.28;

c) liquidated damages to the date of the complaint in the amount of $20,989.40;

d) additional interest from date of the complaint to the date of payment;

e) additional liquidated damages, if any, from the date of the complaint to the date of payment;

f) attorneys' fees;

g) reasonable costs of the action; and

h) such other and further relief as the Court deems just and proper.

Dated: New York, NY
July 13, 2018

ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK, P.C.

By: _____
Alan Pollack, Esq.
Jennifer S. Smith, Esq.
875 Third Avenue
New York, New York 10022
(212) 603-6300
*Attorney for Plaintiff*