UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
UNITED PLANT AND PRODUCTION WORKERS
LOCAL 175 PRODUCTION FUND by
JAMES KILKENNY
in his capacity as Trustee,

                            Plaintiff,

    -against-

CARULLO CONSTRUCTION CORP.,

                           Defendant.
------------------------------------------------------------------------x

**ANSWER**

Case No. 1:18-cv-04047 (BMC)

Defendant Carullo Construction Corp. ("Defendant"), by and through its attorneys, Clifton Budd & DeMaria, LLP, as and for its answer to the complaint in the above-captioned matter, hereby allege as follows:

## NATURE OF ACTION

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the complaint, except states that the allegations purport to set forth the nature of the action.

## JURISDICTION AND VENUE

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the complaint, except states that the allegations purport to set forth the basis for jurisdiction, and further states that Defendant does not dispute jurisdiction.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the complaint, except admits that defendant has a principle place of business within this district, in the County of Queens.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the complaint, except states that the allegations purport to set forth the basis for venue, and further states that Defendant does not dispute venue.

## PARTIES

5. Paragraph 5 of the complaint contains a legal conclusion for which no response is required, but, except as so stated, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the complaint, except admits that the Fund is known to maintain an office at 99 Mineola Avenue, Roslyn Heights, New York 11577.

9. Paragraph 9 of the complaint contains a legal conclusion for which no response is required, but, except as so stated, admits that plaintiff James Kilkenny is known to be a trustee of the Fund.

10. Paragraph 10 of the complaint contains a legal conclusion for which no response is required, but, except as so stated, admits that Carullo Construction Corp. is a for-profit New York corporation.

11. Admits the allegation set forth in paragraph 11 of the complaint.

**STATEMENT OF FACTS**

12. Admits the allegation set forth in paragraph 12 of the complaint.

13. Admits the allegation set forth in paragraph 13 of the complaint.

14. Admits the allegation set forth in paragraph 14 of the complaint.

15. Admits the allegation set forth in paragraph 15 of the complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the complaint to the extent the allegations differ from the Fund's letter, dated September 30, 2017, which document speaks for itself and to which the Court is respectfully referred.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the complaint to the extent the allegations differ from the Fund's letter, dated September 30, 2017, which document speaks for itself and to which the Court is respectfully referred.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the complaint to the extent the allegations differ from the Fund's letter, dated September 30, 2017, which document speaks for itself and to which the Court is respectfully referred.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the complaint to the extent the allegations differ from the Fund's letter, dated September 30, 2017, which document speaks for itself and to which the Court is respectfully referred.

20. Admits the allegation set forth in paragraph 20 of the complaint.

21. Admits the allegation set forth in paragraph 21 of the complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the complaint to the extent the allegations differ from the Fund's letter, dated February 9, 2018, which document speaks for itself and to which the Court is respectfully referred.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the complaint to the extent the allegations differ from the Fund's letter, dated February 9, 2018, which document speaks for itself and to which the Court is respectfully referred.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the complaint.

25. Admits the allegation set forth in paragraph 25 of the complaint.

26. Paragraph 26 of the complaint contains a legal conclusion for which no response is required, but, except as so stated, Defendant denies any allegation contained in paragraph 26 of the complaint.

27. Paragraph 27 of the complaint contains a legal conclusion for which no response is required, but, except as so stated, Defendant denies any allegation contained in paragraph 27 of the complaint to the extent the allegations differ from the statutes to which reference is made, and to which the Court is respectfully referred.

28. Paragraph 28 of the complaint contains a legal conclusion for which no response is required, but, except as so stated, Defendant denies any allegation contained in paragraph 28 of the complaint to the extent the allegations differ from the statutes to which reference is made, and to which the Court is respectfully referred.

29. Admits the allegations set forth in paragraph 29 of the complaint.

30. Paragraph 30 of the complaint contains a legal conclusion for which no response is required, but, except as so stated, Defendant denies any allegation contained in paragraph 30 of the complaint to the extent the allegations differ from the statutes to which reference is made, and to which the Court is respectfully referred.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the complaint.

33. Paragraph 33 of the complaint contains a legal conclusion for which no response is required, but, except as so stated, Defendant denies any allegation contained in paragraph 33 of the complaint to the extent the allegations differ from the statutes to which reference is made, and to which the Court is respectfully referred.

34. Paragraph 34 of the complaint contains a legal conclusion for which no response is required, but, except as so stated, Defendant denies any allegation contained in paragraph 34 of the complaint.

35. Denies the allegations set forth in paragraph 35 of the Complaint, except admits that Defendant has not made any payments concerning withdrawal liability to date.

**ANSWERING THE CLAIM FOR RELIEF**
**(For Withdrawal Liability)**

36. Defendant repeats and realleges the responses set forth in paragraphs 1 through 35 as if fully set forth herein.

37. Paragraph 37 of the complaint contains a legal conclusion for which no response is required, but, except as so stated, Defendant denies knowledge or information

sufficient to form a belief as to the truth of any allegations set forth in paragraph contained in paragraph 37 of the complaint.

38. Paragraph 38 of the complaint contains a legal conclusion for which no response is required, but, except as so stated, Defendant denies knowledge or information sufficient to form a belief as to the truth of any allegations set forth in paragraph contained in paragraph 38 of the complaint.

39. Paragraph 39 of the complaint contains a legal conclusion for which no response is required, but, except as so stated, Defendant denies knowledge or information sufficient to form a belief as to the truth of any allegations set forth in paragraph contained in paragraph 39 of the complaint.

40. Paragraph 40 of the complaint contains a legal conclusion for which no response is required, but, except as so stated, Defendant denies knowledge or information sufficient to form a belief as to the truth of any allegations set forth in paragraph contained in paragraph 40 of the complaint.

41. Paragraph 41 of the complaint contains a legal conclusion for which no response is required, but, except as so stated, Defendant denies any allegation contained in paragraph 41 of the complaint to the extent the allegations differ from the statutes to which reference is made, and to which the Court is respectfully referred.

42. Paragraph 42 of the complaint contains a legal conclusion for which no response is required, but, except as so stated, Defendant denies knowledge or information sufficient to form a belief as to the truth of any allegations set forth in paragraph contained in paragraph 42 of the complaint.

43. Paragraph 43 of the complaint contains a legal conclusion for which no response is required, but, except as so stated, Defendant denies knowledge or information sufficient to form a belief as to the truth of any allegations set forth in paragraph contained in paragraph 43 of the complaint.

### AS TO THE "WHEREFORE" CLAUSE

44. Denies each and every allegation contained in the WHEREFORE clause.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

45. The complaint, in whole or in part, fails to state a claim against Defendant upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

46. Pursuant to 29 U.S.C. § 1415(c), Defendant may be entitled to a reduction of the amount of withdrawal liability claimed upon transfer of appropriate amount of assets and liabilities by the Fund to another multiemployer plan.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

47. Plaintiff has failed to comply with applicable conditions precedent to suit.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

48. Plaintiff has failed to properly exhaust applicable administrative remedies.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

49. Without discovery, Defendant cannot determine the extent to which Plaintiff's claims may be barred by any remaining affirmative or other defenses. Thus, as separate and alternative defenses to the complaint, Defendant reserves its right to assert all affirmative and other defenses as appropriate.

- 8 -

Dated:  New York, New York
        September 7, 2018

                                                                 CLIFTON BUDD & DeMARIA, LLP
*Attorneys for Defendant*

By:  Alfred T. DeMaria
     Stephen P. Pischl
     350 Fifth Avenue Suite 6110
     New York, New York 10118
     (212) 687-7410 (tel)
     (212) 842-5205 (fax)
     atdemaria@cbdm.com
     sppischl@cbdm.com